CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 0 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES RANDOLPH INGRAM, ) | |
|     Petitioner, ) | Case No. 7:05CV00334 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

James Randolph Ingram, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Ingram challenges the validity of his conviction in the Circuit Court for the City of Roanoke. For the reasons set forth below, the court will dismiss Ingram's petition.

## BACKGROUND

On May 20, 2003, Ingram entered a plea of nolo contendere to the charge of animate object penetration. Ingram was subsequently sentenced to a term of imprisonment of fifty years, with ten years suspended.

Ingram appealed his conviction and sentence to the Court of Appeals of Virginia. On April 7, 2004, Ingram's petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on May 28, 2004. Ingram did not appeal the panel's decision to the Supreme Court of Virginia.

On October 4, 2004, Ingram filed a petition for writ of habeas corpus in the Supreme Court of Virginia, in which he raised the following claims:

    1.    The Circuit Court erred in accepting Ingram's "guilty plea" and in sentencing him, because he was not competent to stand trial or to enter a plea.

2. The Circuit Court erred when it denied Ingram's motion for an EEG test.

3. Ingram was taking Paxil when he entered his plea on May 20, 2003, and his attorney and the court failed to follow up on the issue of Ingram's competency.

4. The Circuit Court erred in sentencing Ingram to fifty years in prison, because the sentencing guidelines called for a range of four years, two months to twenty-four years, and because Ingram had mental health issues.

5. Ingram's counsel was ineffective for allowing him to enter a plea on May 20, 2003, since Ingram was not competent to do so.

The Supreme Court dismissed Ingram's petition on May 10, 2005.

On May 16, 2005, Ingram filed the instant petition, in which he raises the following claims:

1. The Circuit Court erred when it denied Ingram's motion for an EEG test.

2. Ingram's counsel was ineffective for allowing him to enter a plea on May 20, 2003, because Ingram was not competent to do so. Ingram was taking Paxil at that time.

3. The Circuit Court erred in sentencing Ingram to a term of imprisonment of fifty years, because the sentencing guidelines called for a sentencing range of four years, two months to twenty-four years, and since Ingram had mental health issues.

4. The Circuit Court erred in accepting Ingram's "guilty plea" and in sentencing Ingram, because he was not competent to stand trial or to enter a plea.

On August 4, 2005, the respondent filed a motion to dismiss the petition. That same day, the court provided Ingram twenty days to submit any additional arguments and/or evidence in response to the respondent's motion. The court has received no further response from Ingram, and the petition is now ripe for review.

2

## STANDARD OF REVIEW

Ingram raised the same claims in the habeas petition filed in the Supreme Court of Virginia. Therefore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, this court may grant habeas relief only if the Supreme Court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

### A. Alleged Circuit Court Errors

The Supreme Court of Virginia concluded that Ingram's three claims regarding alleged errors by the Circuit Court were procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), because Ingram could have raised the claims on direct appeal to that Court. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of habeas relief. See Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claims 1, 3, and 4 may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher, 163 F.3d at 853-854. Because

3

Case 7:05-cv-00334-GEC-mfu Document 14 Filed 10/20/05 Page 3 of 5 Pageid#: 74

Ingram has not shown cause and prejudice or a miscarriage of justice, these three claims must be dismissed.

B.  Ineffective Assistance of Counsel

In his second claim, Ingram argues that his counsel was ineffective for allowing him to enter a plea of nolo contendere on May 20, 2003. Ingram contends that he was not competent, because he was taking Paxil at that time. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. In order to satisfy the prejudice requirement in the context of a guilty plea or plea of nolo contendere, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Upon reviewing this claim as part of the state habeas proceedings, the Supreme Court of Virginia concluded that Ingram failed to meet either prong of the Strickland test. The Supreme Court noted that Ingram's counsel moved for a psychological examination, which was performed by Dr. Conrad Daum, and that Dr. Daum determined that Ingram was competent to stand trial. The Supreme Court also noted that during the hearing on May 20, 2003, the Circuit Court inquired about Ingram's use of Paxil and ultimately determined that Ingram was competent.

The court agrees with the respondent that the Supreme Court of Virginia did not unreasonably apply the law or the facts with respect to this claim. The Circuit Court record

4

indicates that Ingram's counsel filed a motion for a psychological evaluation on February 3, 2003. (R. at 16-17). Ingram's counsel specifically sought to have Dr. Conrad Daum evaluate Ingram's competency to stand trial. (R. at 17). The Circuit Court granted the motion, and Dr. Daum performed the evaluation on February 7, 2003. (R. at 20, 22). Dr. Daum ultimately determined that Ingram was competent to stand trial. (R. at 23). During the hearing on May 20, 2003, Ingram advised the Circuit Court that he was taking Paxil. (Tr. at 9). Nonetheless, Ingram stated that the medication did not interfere with his ability to understand the Circuit Court's questions or his ability to answer questions. (Tr. at 9-10). Ingram also stated that he fully understood the charge against him, that he was entering a plea of nolo contendere voluntarily, and that he was aware of the rights that he would have to relinquish as a result of his plea. (Tr. at 10-11). Having reviewed the record, the court concludes that Ingram has failed to meet either prong of the Strickland test. Therefore, Ingram's ineffective assistance claim must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 20th day of October, 2005.

_United States District Judge_